UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

ANGELA DARBY, VALENCIA SMITH, ORVILLE
DARBY, DORETHA MCLEISH, IVY ROSE,
SHAMAR TAFFE, KEISHA DISTON, an infant, by her
M/N/G/ CARODEN TAFFE, TRISTAN MCDONALD, an infant,
by his M/N/G CARODEN TAFFE, OMARI LEWIS, and
CARODEN TAFFE, individually,

                                            Plaintiffs,

             -against-

CITY OF NEW YORK, SCOTT BONNEY, PETER RHATIGAN,
MIGDALIA RAMOS, "JOHN" LEIGH, "JOHN" ROONEY,
"JOHN" ARRAO, "JOHN" SPAETH, "JOHN" MOLINARI,
"JOHN" BRANDER, "JOHN" STOSCH, "JOHN" PENNY,
"JOHN" HAYDEN, AND JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                      Defendants.

------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

07 CV 5439
(RRM)(JO)

Jury Trial Demanded

Plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA

MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, an infant, by her M/N/G/

CARODEN TAFFE, TRISTAN MCDONALD, an infant by his M/N/G CARODEN TAFFE,

CARODEN TAFFE, and OMARI LEWIS, by their attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the State of New York and the United

States.  Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ANGELA DARBY is an African American female, a citizen of the United States, and at all relevant times a resident of the County of Kings and State of New York. Plaintiff VALENCIA SMITH is an African American female, a citizen of the United States, and at all relevant times a resident of the County of Kings and State of New York. Plaintiff DORETHA MCLEISH is an African American female, a citizen of the United States, and at all relevant times a resident of the County of Kings and State of New York. Plaintiff ORVILLE DARBY is an African American male, a citizen of the United States, and at all relevant times a resident of the County of Kings and State of New York. Plaintiff IVY ROSE is an African American female, a citizen of the United States, and at all relevant times a resident of the County of Kings and State of New York. Plaintiff CARODEN TAFFE is an African American female, a citizen of the United States, and at all relevant times a resident of the County of Kings and State

2

of New York. Plaintiff SHAMAR TAFFE is an African American male, a citizen of the United States, and at all relevant times a resident of the County of Kings and State of New York. Plaintiff KEISHA DISTON is an African American female, a citizen of the United States, and at all relevant times a resident of the County of Kings and State of New York. Plaintiff TRISTAN MCDONALD is an African American male, a citizen of the United States, and at all relevant times a resident of the County of Kings and State of New York. Plaintiff OMARI LEWIS is an African American male, a citizen of the United States, and at all relevant times a resident of the County of Kings and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants, SCOTT BONNEY, PETER RHATIGAN, MIGDALIA RAMOS, "JOHN" LEIGH, "JOHN" ROONEY,"JOHN" ARRAO, "JOHN" SPAETH, "JOHN" MOLINARI, "JOHN" BRANDER, "JOHN" STOSCH, "JOHN" PENNY, "JOHN" HAYDEN, and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

3

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On September 30, 2006 at about 2:30 p.m., the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or any just cause illegally entered 1066 E. 38th Street, Brooklyn, in the County of Kings and State of New York with force breaking the door.  Defendants unlawfully ransacked plaintiffs' house and damaged and/or destroyed plaintiffs' property, including but not limited to, doors and locks, picture frames, vases, and mattresses/box springs.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, threatened plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, who suffers from a learning disability, IVY ROSE, who was eighty-one years old, SHAMAR TAFFE, KEISHA DISTON, who was twelve years old, TRISTAN MCDONALD, who was eight years old, and OMARI LEWIS at gunpoint and subjected plaintiffs to excessive force thereby causing plaintiffs substantial pain and injuries.

15.     At the aforesaid time and place, the defendants, members of the New York City

4

Police Department, unlawfully and without reasonable suspicion arrested plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, IVY ROSE, SHAMAR TAFFE, OMARI LEWIS, and DORETHA MCLEISH and placed tight handcuffs on their wrists thereby causing plaintiffs substantial pain and injuries.

16.     Plaintiff IVY ROSE, who was eighty-one years old, was pushed by one of the defendants and thereafter handcuffed in a rough manner causing plaintiff injuries including but not limited to a contusion and swelling and pain to the hands and wrists. Plaintiff IVY ROSE'S handcuffs were over tightened and the NYPD officers refused to loosen the handcuffs despite plaintiff's repeated pleas that she was in pain.

17.     Plaintiff ANGELA DARBY was knocked down and had her arms twisted behind her body by defendants as one of the defendants stepped on her back and forcibly handcuffed plaintiff thereby causing her injuries. Plaintiff ANGELA DARBY sustained contusions and pain and injuries to her back, wrists, shoulders, and arms.

18.     Despite committing no crime whatsoever, plaintiff VALENCIA SMITH was handcuffed with a gun pointed at her head. Her handcuffs were over tightened and the NYPD officers refused to loosen the handcuffs. Plaintiff VALENCIA SMITH repeatedly notified defendants that she was asthmatic and required her medication. However, defendants ignored plaintiff's pleas and failed to provide appropriate medical attention to plaintiff. As a result, plaintiff was forced to seek medical attention.

19.     Plaintiff ORVILLE DARBY was assaulted and battered by defendants including but not limited to being shoved and kicked by defendants, dragged down stairs at gunpoint, and subject to overly tightened handcuffing.

20.    Plaintiff SHAMAR TAFFE was assaulted and battered by defendants including but not limited to being kicked and thrown to the floor and stomped on by defendants. Further, plaintiff's handcuffs were intentionally over tightened.

21.    Plaintiff OMARI LEWIS was assaulted and battered by defendants including but not limited to being kicked. In addition to the foregoing, plaintiff's handcuffs were purposely and maliciously over tightened by the defendants to punish the plaintiff.

22.    Plaintiffs ORVILLE DARBY, SHAMAR TAFFE, and OMARI LEWIS were unlawfully imprisoned and taken to the 63rd Precinct where defendants concocted false charges to cover up their abuse of plaintiffs.

23.    Plaintiffs ORVILLE DARBY and OMARI LEWIS were released from police custody after several hours and plaintiff SHAMAR TAFFE was released from police custody on October 1, 2006.

24.    All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

25.    As a result of the above, plaintiffs ANGELA DARBY, VALENCIA SMITH, and IVY ROSE sought medical attention at Kings County Hospital Center, where they were treated for the injuries inflicted by the defendants.

26.    As a result of the foregoing, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS sustained, *inter alia*, physical injuries (ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, IVY ROSE, SHAMAR TAFFE, and OMARI LEWIS only), emotional distress and mental anguish,

6

embarrassment, and humiliation, anxiety, depression, property loss/damage, loss of services,

deprivation of liberty, interference with familial relations, and violation of their civil rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

27.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiffs ANGELA DARBY,

VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR

TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI

LEWIS of the rights, privileges and immunities guaranteed to citizens of the United States by the

Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in

violation of 42 U.S.C. §1983.

30.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto.

31.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, all

under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

33.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS's constitutional rights.

35.     As a result of the aforementioned conduct of defendants, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS's constitutional right to be free from excessive force was violated and they sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

36.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants had an affirmative duty to intervene on behalf of plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS, whose constitutional rights were being violated in their presence by other officers.

8

38.    The defendants failed to intervene to prevent the unlawful conduct described herein.

39.    As a result of the foregoing, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS's liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

40.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    The defendants falsely imprisoned plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS against their will and in the absence of probable cause.

42.    As a result of the foregoing, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, KEISHA DISTON, TRISTAN MCDONALD, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, and OMARI LEWIS were handcuffed (not KEISHA DISTON and TRISTAN MCDONALD), held against their will, and otherwise deprived of their right to be free from false arrest.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

43.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

45.     As a result of the foregoing, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS were deprived of their liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

46.     The defendants intentionally, negligently, and/or recklessly destroyed, damaged and/or stole plaintiffs' property thereby depriving plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS of their right to substantive due process causing injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

47.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

10

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Unlawful Entry under 42 U.S.C. § 1983)

49.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The unlawful and forcible entry of plaintiffs' home by defendants was conducted in the absence of probable cause.

51.     As a result of the aforementioned conduct of defendants, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS's Fourth Amendment rights were violated and they suffered damages in an amount to be determined by a jury.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

52.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully entering citizens' homes, assaulting and battering innocent individuals, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining,

11

training and supervising its employees, which was the moving force behind the violation of plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA

DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS as alleged herein.

58.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS had their home entered into forcibly and unlawfully and, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, and OMARI LEWIS were unlawfully beaten and detained, and otherwise subjected to physical abuse.

59.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS'S constitutional rights.

60.    All of the foregoing acts by defendants, defendants deprived plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from malicious abuse of process;

      C.    To be free from false arrest;

D.    To receive equal protection under law;

D.    To be free from the use of excessive force and/or the failure to intervene; and

G.    To be free from unlawful entry.

61.    As a result of the foregoing, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

62.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Within ninety (90) days after the claim herein accrued, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

64.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66.     Plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS have complied with all conditions precedent to maintaining the instant action.

67.     Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
#### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

68.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS, use of force on plaintiffs, and unlawful entry of plaintiffs' home.

70.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A TENTH CAUSE OF ACTION
#### (Negligent Training and Supervision under the laws of the State of New York)

71.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

15

72.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS, use of force on plaintiffs, and unlawful entry of plaintiffs' home.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

73.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants falsely arrested and unlawfully imprisoned plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS without probable cause.

77.     Plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY,

DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN

MCDONALD, and OMARI LEWIS were detained against their will for an extended period of

time, and some of the plaintiffs were subjected to physical restraints.

78.    As a result of the aforementioned conduct, plaintiffs ANGELA DARBY,

VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR

TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS were unlawfully

imprisoned in violation of the laws of the State of New York.

79.    As a result of the aforementioned conduct, plaintiffs ANGELA DARBY,

VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR

TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS suffered physical

and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

80.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.    Defendant City of New York is vicariously liable for the acts of its employees and

agents who were on duty and acting in the scope of their employment when they engaged in the

wrongful conduct described herein.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

82.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    As a result of the foregoing, plaintiffs ANGELA DARBY, VALENCIA SMITH,

17

ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS were placed in apprehension of imminent harmful and offensive bodily contact.

84.     As a result of defendants' conduct, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
#### (Battery under the laws of the State of New York)

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendants made offensive contact with plaintiffs without privilege or consent.

87.     As a result of defendants' conduct, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
#### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

88.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

90.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

91.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

92.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS.

93.     As a result of the aforementioned conduct, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, and OMARI LEWIS suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Trespass to Chattels under the laws of the State of New York)

94.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Defendants intentionally entered into plaintiffs' home without plaintiffs' consent and damaged, destroyed, stole and/or otherwise interfered with plaintiffs' right to their property thereby causing plaintiffs injuries.

19

**WHEREFORE**, plaintiffs ANGELA DARBY, VALENCIA SMITH, ORVILLE DARBY, DORETHA MCLEISH, IVY ROSE, SHAMAR TAFFE, KEISHA DISTON, TRISTAN MCDONALD, CARODEN TAFFE, and OMARI LEWIS demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 15, 2008

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for the Plaintiffs

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
ANGELA DARBY, VALENCIA SMITH, ORVILLE
DARBY, DORETHA MCLEISH, IVY ROSE,
SHAMAR TAFFE, KEISHA DISTON, an infant, by her           07 CV 5439 (RRM)(JO)
M/N/G/ CARODEN TAFFE, TRISTAN MCDONALD,
an infant, by his M/N/G CARODEN TAFFE,
CARODEN TAFFE, individually, and
OMARI LEWIS,

                            Plaintiffs,


        -against-


CITY OF NEW YORK, SCOTT BONNEY, PETER RHATIGAN,
MIGDALIA RAMOS, "JOHN" LEIGH, "JOHN" ROONEY,
"JOHN" ARRAO, "JOHN" SPAETH, "JOHN" MOLINARI,
"JOHN" BRANDER, "JOHN" STOSCH, "JOHN" PENNY,
"JOHN" HAYDEN and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.

--------------------------------------------------------------------------X



## AMENDED COMPLAINT




LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100